# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| STEVE ENRIQUE QUINTERO RIOS, | § | |
| TDCJ No. 2115259, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CAUSE NO. EP-21-CV-235-KC |
| | § | |
| BOBBY LUMPKIN, | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
|     Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Steve Enrique Quintero Rios challenges Bobby Lumpkin's custody of him through a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pet'r's Pet., ECF No. 4.[1] His petition is denied for the reasons which follow.

## BACKGROUND AND PROCEDURAL HISTORY

Quintero Rios was found guilty of murdering his wife—Brenda Rivera—with a single shot from a pistol to her head in cause number 20150D04760 in the 384th District Court of El Paso County, Texas. State Writ R., ECF No. 12-41 at 14–15 (J. of Conviction by Jury). He was sentenced to sixty-five years' imprisonment. Id. at 14. His conviction was affirmed by the Eighth Court of Appeals. Quintero Rios v. State, No. 08-17-00045-CR, 2019 WL 4058586, at *12 (Tex. App.—El Paso Aug. 28, 2019, pet. ref'd).

Quintero Rios asserted in a state application for a writ of habeas corpus that his trial attorneys—Jerry McLain and Felix Castanon—provided constitutionally ineffective assistance in

---

[1] "ECF No." refers to the Electronic Case Filing number for documents docketed in this case. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

four ways. State Writ R., ECF No. 12-42 at 4–10 (Pet'r's Pet., WR-92,434-01). First, he alleged their performance was deficient and prejudiced his cause when they permitted three non-expert prosecution witnesses—El Paso Police Officers Ruben Villareal, Ludovico Granillo, and Luis Sarmiento—to testify as experts. Id. at 4. He recalled his counsel moved for Daubert/Kelly[2] hearings on the admissibility of their testimony but never obtained rulings from the trial court. Id. at 4. Second, he declared their performance was deficient when they failed to call Dr. Lawrence Renner—a forensic analyst on blood spatter and ballistics—to testify that the handgun which caused Rivera's death may have discharged accidentally. Id. at 6–7. Third, he maintained their performance was also deficient when they failed to call Dulce Nunez—a fact witness—to testify that Rivera was the aggressor on the evening of her death. Id. at 8–9. He claimed Nunez would testify "she witnessed the decedent waiting for [Quintero Rios] to arrive home and the decedent was visibly upset." Id. at 8. He added Nunez could describe how "decedent picked up a bat . . . and struck [Quintero Rios'] car with it three times, while telling [Quintero Rios] she was going to kill him." Id. at 9. Finally, he maintained his counsel provided ineffective assistance when they failed to ask for an instruction on a lesser included offense—criminally negligent homicide. Id. at 10.

The trial court considered Quintero Rios' state writ application and found his claims lacked merit:

> 5. The Court finds that, in answer to Rios' claim that defense counsel did not challenge the qualifications of witnesses to give expert testimony, defense counsel timely objected to such testimony of all such witnesses, including the law

---

[2] See Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993) (providing the analytical framework for determining whether expert testimony is admissible under Federal Rule of Evidence 702 (Testimony by Expert Witnesses)); Kelly v. State, 824 S.W.2d 568 (Tex. Crim. App. 1992) (explaining a party offering scientific expert testimony must show by clear and convincing evidence that the science is reliable).

enforcement officers who testified to stippling,[3] that they were not qualified to give such testimony, and the trial court overruled the objections and allowed the testimony.

6. The Court finds that defense counsel made a reasonable, strategic decision to not call Dr. Lawrence Renner as an expert witness to give testimony and render an opinion that the shooting of the deceased was accidental. The conclusions of Dr. Renner, outlined in detail in McClain's affidavit, show that he informed defense counsel that his testimony would be more damaging than helpful, and that the evidence supported an intentional discharge of the firearm rather than an accidental one, which testimony and opinion by Dr. Renner would only have further buttressed the State's case against Rios. Instead, defense counsel made the reasonable, strategic decision to use Dr. Renner as a consultant before and during trial and not as a witness.

7. The Court finds that defense counsel made a reasonable, strategic decision to not call Dulce Nunez a witness for the reasons outlined in McClain's affidavit. In summary, the Court finds that if defense counsel had called Nunez as a witness, it is likely that the excited utterance the deceased's eight-year-old daughter made to Nunez shortly after the murder that Rios had killed her mother would have been admitted into evidence through Nunez. The Court further finds that Nunez did not witness anything of an argument between Rios and the deceased, or that the deceased was the aggressor, or anything that would have been helpful to the defense.

8. The Court [found] that no evidence was raised that would have warranted an instruction on criminally negligent homicide. The jury was instructed on the issues that were raised that being an intentional or reckless killing as shown in the court's instructions to the jury on murder and manslaughter.

9. The Court finds the affidavit of McClain credible in its entirety.

10. The Court does not find credible any of the assertions of Rios made in his writ application.

State Writ R., ECF No. 12-40 at 3–4 (Trial Court Findings of Fact, WR-92,434-01). The trial court concluded that Quintero Rios' counsel "did not render deficient performance." Id. at 4. It further concluded that Quintero Rios "was not prejudiced by any aspect of defense counsels'

---

[3] See https://www.mussenhealth.us/gunshot-wounds/chapter-6.html (last visited May 11, 2022) (explaining stippling is the term used to describe the marks embedded in the skin from burned and unburned gunpowder discharged from the muzzle of a firearm).

representation of him." Id.

The Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court, without a hearing, and on the Court's independent review of the record. State Writ R., ECF No. 12-26 at 1 (Action Taken).

Quintero Rios now reasserts the same four ineffective-assistance-of-counsel claims that he raised in his state writ application in his federal petition. Pet'r's Pet., ECF No. 4 at 6–7. First, he alleges his counsel erred when they permitted Officers Villarreal, Granillo, and Sarmiento to testify as experts without first obtaining a ruling from the trial court on their requests for Daubert/Kelly hearings. Id. at 6. Second, he avers their performance was deficient when they failed to call Dr. Renner to testify that the handgun which caused Rivera's death may have discharged accidentally. Id. Third, he claims their performance was deficient when they failed to call Nunez to testify that Rivera—not Quintero Rios—was the aggressor on the evening of Rivera's death. Id. at 7. Finally, he claims his counsel provided ineffective assistance when they failed to ask for an instruction on the lesser included offense of criminally negligent homicide. Id. He asks the Court to "reverse the conviction" and grant him a new trial. Id.

## APPLICABLE LAW

The writ of habeas corpus is "an extraordinary remedy" reserved for those petitioners whom "society has grievously wronged." Brecht v. Abrahamson, 507 U.S. 619, 633–34 (1993). It "is designed to guard against extreme malfunctions in the state criminal justice system." Id. (citing Jackson v. Virginia, 443 U.S. 307, 332, n.5 (1979) (Stevens, J., concurring)). It is granted by a federal court pursuant to 28 U.S.C. § 2254 only where a state prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Preiser v.

Rodriguez, 411 U.S. 475, 484–87 (1973). It is not granted to correct errors of state constitutional, statutory, or procedural law. Estelle v. McGuire, 502 U.S. 62, 67–68 (1991); West v. Johnson, 92 F.3d 1385, 1404 (5th Cir. 1996).

Consequently, "federal courts do not sit as courts of appeal and error for state court convictions." Dillard v. Blackburn, 780 F.2d 509, 513 (5th Cir. 1986). They may grant § 2254 relief only when a petitioner successfully raises a federal issue. Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995). And they must find (1) the state court adjudicated the federal issue contrary to clearly established federal law as determined by the Supreme Court, or (2) the state court's decision was based on an unreasonable determination of the facts considering the record. Harrington v. Richter, 562 U.S. 86, 100–01 (2011). They must defer to state court decisions on the merits. Moore v. Cockrell, 313 F.3d 880, 881 (5th Cir. 2002). They must accept as correct any factual determinations made by the state courts unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e); see Ford v. Davis, 910 F.3d 232, 234 (5th Cir. 2018) ("a state court's factual findings are presumed to be correct, and the applicant bears the burden of rebutting that presumption by clear and convincing evidence."). Finally, they must accept state court decisions on procedural grounds. Coleman v. Thompson, 501 U.S. 722, 729–30 (1991); Muniz v. Johnson, 132 F.3d 214, 220 (5th Cir. 1998).

## ANALYSIS

Quintero Rios asserts his trial counsel provided ineffective assistance by failing to (1) seek a Daubert/Kelly hearing about three State witnesses giving expert testimony; (2) call a forensic analyst to testify on his behalf; (3) call fact witness Nunez to testify; and (4) ask for a lesser included offense instruction. Pet'r's Pet., ECF No. 4 at 6–7.

A petitioner's ineffective-assistance-of-counsel claim is analyzed under the two-pronged test in Strickland v. Washington, 466 U.S. 668 (1984). United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). To prevail, a petitioner must demonstrate (1) his counsel's performance was deficient and (2) the deficient performance prejudiced his defense. Strickland, 466 U.S. at 689–94. To establish deficient performance, he must present evidence that his counsel's assistance fell " 'below an objective standard of reasonableness.' " United States v. Conley, 349 F.3d 837, 841 (5th Cir. 2003) (quoting Strickland, 466 U.S. at 688). To establish prejudice, he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. If a petitioner fails to prove one prong, the reviewing court need not analyze the other. See Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

In addition to applying the Strickland two-prong test, a federal habeas court must also review a state petitioner's ineffective assistance of counsel claim "through the deferential lens of [28 U.S.C.] § 2254(d)." Cullen v. Pinholster, 563 U.S. 170, 190 (2011). It must consider not only whether the state court's determination was incorrect, but also "whether that determination was unreasonable—a substantially higher threshold." Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) (citing Schriro v. Landrigan, 550 U.S. 465, 473 (2007)); see also Harrington, 562 U.S. at 101 ("The pivotal question is whether the state court's application of the Strickland standard was unreasonable.").

**(1) Daubert/Kelly Hearing**

Quintero Rios first claims his "counsel was ineffective when he failed to have a Dalbert/Kelly hearing regarding the testimony of state witness[es] who were not qualified to give expert testimony." Pet'r's Pet., ECF No. 4 at 6. He concedes his counsel made a Dalbert/Kelly motion "but failed to obtain a ruling on it." Id. He maintains the State was consequently allowed to elicit "expert testimony from Officer[s] Villareal, Granillo, and Sarmiento, who were not qualified to give expert testimony." Id.

The trial record does not support Quintero Rios' claims.

When Officer Villareal was questioned by the prosecution at trial about the significance of stippling, Quintero Rios' counsel objected, "[h]e's not been qualified to give that opinion." Trial R., vol. 5, ECF No. 12-8 at 42. His objection was overruled by the trial court. Id. at 43. His counsel then impeached Villareal's qualifications during cross-examination. Id. at 64–65. So, based on the record, it appears Quintero Rios' counsel sufficiently challenged Villareal's expertise.

Officer Granillo testified he was trained in blood spatter analysis and had qualified as an expert in eight-to-ten prior murder cases. Id. at 146–47, 159–61. Thus, any objection to Granillo's expertise would have been fruitless. " '[C]ounsel is not required to make futile motions or objections.' " Johnson v Cockrell, 306 F.3d 249, 255 (5th Cir. 2002) (quoting Koch v. Puckett, 907 F.2d 524, 527 (5th Cir.1990)).

Officer Sarmiento testified that an injury on Quintero Rios' body "appeared" to be a bite mark. Trial Tr., vol. 4, ECF No. 12-7 at 146–47 (Sarmiento's testimony about a bite mark); Trial Tr., vol. 8, part 4, ECF No. 12-14 at 49–50 (photos of a bruise on Rios that looks like a bite mark). In Texas, lay opinions are generally admissible under Texas Rule of Evidence 701 if they are (1) rationally based on the witness's personal perceptions and (2) helpful to a clear understanding of

7

the witness's testimony or to determination of a fact in issue. Fairow v. State, 943 S.W.2d 895, 897-900 (Tex. Crim. App. 1997). Quintero Rios' trial counsel could reasonably have believed Officer Sarmiento's lay opinion was admissible under applicable Texas evidentiary rules and that an objection would have proven fruitless.

Quintero Rios has not met his burden of showing his counsel provided ineffective assistance. Since his counsel either (1) did object or (2) had no basis to object to the qualifications of the officer witnesses, he cannot overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance." Strickland, 466 at 688–89. Additionally, their performance cannot be considered deficient or prejudicial because they failed to raise a non-meritorious argument. Turner v. Quarterman, 481 F.3d 292, 298 (5th Cir. 2007); Parr v. Quarterman, 472 F.3d 245, 256 (5th Cir. 2006).

The state habeas court—after reviewing the record—observed that Quintero Rios' counsel timely objected to the testimony of witnesses when appropriate. State Writ R., ECF No. 12-40 (Trial Court Findings of Fact, WR-92,434-01) at 3. It noted that the trial court overruled the objections and allowed the testimony. Id. It found that none of Quintero Rios' assertions in his writ application were credible. Id. at 4. It accordingly rejected Quintero Rios' ineffective-assistance-of-counsel claims. Id. at 3–4.

Quintero Rios has not provided clear and convincing evidence which undermines the credibility determinations made by the state habeas court. He has also has not shown the rejection by the state trial court and the Court of Criminal Appeals of his ineffective-assistance-of-counsel claim—based on the record in his case—was unreasonable. Knowles, 556 U.S. at 123. Hence, he has not met his burden of establishing his entitlement to federal habeas relief on this claim.

**(2) Forensic Analyst**

Quintero Rios avers his counsel provided ineffective assistance when he failed "to call Lawrence Renner, an expert hired by counsel as a forensic analyst, in blood spatter and ballistics, to give testimony as to whether a struggle for the handgun accidentally discharged [it] killing the victim." Pet'r's Pet., ECF No. 4 at 6. He contends this evidence would have refuted the State's claim in closing "that there's zero evidence that the shooting may have been the result of an accident." Id.

"[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Strickland, 466 U.S. at 689. Indeed, strategic decisions by counsel are nearly unchallengeable—and generally do not provide a basis for habeas corpus relief on the grounds of ineffective assistance of counsel. Id. And there is "a strong presumption" that the decision to not call a witness is "a strategic one." Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984).

According to Quintero Rios' counsel, Dr. Renner's testimony would have been harmful to his case:

> On August 19, 2016 Dr. Renner came to El Paso to examine the forensic evidence in person and compare his findings with what the defense team learned during our interview with State's expert and Medical Examiner Dr. Mario Rascon. After a long meeting with Dr. Renner he advised the defense team that we should not call him to the stand as initially planned. He told us that his findings were far more damaging than helpful to the Defense. The defense team was in unanimous agreement on this point. Admissions by Defense's own expert witness that Defendant was holding the gun toward the Decedent at the moment of discharge, that the gun was positioned higher than Decedent angled downward at her, and that Decedent was in a lowered posture at the moment of discharge were not testimony we believed we could hazard at trial. Weighed against the potential damage of such

9

> testimony, presumably on cross examination Dr. Renner had very little to say on direct examination that could have helped the Defense. Consequently Dr. Renner confined his work on the trial team to helping us understand the forensic evidence and contest the State's case. He was present in person and an active participant on the defense team during trial.

State Writ R., ECF No. 12-40 at 6–7 (Aff. of Jerry McLain).

Because counsel based his decision to not call Dr. Renner on sound trial strategy—and Dr. Renner's testimony would have been harmful to his case—Quintero Rios cannot meet his burden of showing counsel acted deficiently or prejudicially by not calling Dr. Renner. Strickland, 466 U.S. at 689. His claim is meritless. Additionally, Quintero Rios has not shown the rejection by the state trial court and the Court of Criminal Appeals of his ineffective-assistance-of-counsel claim—based on the record in his case—was unreasonable. Knowles, 556 U.S. at 123. Consequently, he has not met his burden of establishing an entitlement to federal habeas relief.

### (3) Call Defense Witness

Quintero Rios maintains his counsel erred by not calling Jules Nunez as a witness. Pet'r's Pet., ECF No. 4 at 7. He suggests "Nunez would have presented fact evidence that it was the alleged victim who was the aggressor at the time of the incident by lying and waiting for [him] to come home and engage in an argument." Id.

A petitioner's complaint about an uncalled witness is not favored in a federal habeas review. Boyd v. Estelle, 661 F.2d 388, 390 (5th Cir.1981). To prevail on such a complaint, a petitioner must overcome the "a strong presumption" that the decision to not call a witness is "a strategic one." Murray, 736 F.2d at 282.

Quintero Rios' counsel thoroughly explained why they did not call Nunez as a witness:

> Defense team considered Ms. Nunez as a trial witness but our final decision was to not call her to the stand. Ms. Nunez did not witness anything of the argument in the garage or the events that followed in the home that was helpful to the Defense. Also, we did not want to run the risk of her repeating via hearsay [the victim's eight-year-old daughter's] alleged statement that the Defendant killed her mother, which would likely have been allowed into evidence as an "excited utterance." The defense team was concerned the jury might believe that [her daughter] did see some of the fighting or the gunshot in the bedroom or that [her daughter's] belief that Defendant killed her mother was the result of Defendant acting as the aggressor prior to the argument and gunshot in the bedroom.

State Writ R., ECF No. 12-40 at 7.

Because Quintero Rios' counsel based their decision to not call Nunez as a witness on sound trial strategy—and Nunez's testimony likely would have been harmful to his case—Quintero Rios fails to meet his burden to show counsel acted deficiently or prejudiced his cause. Furthermore, Quintero Rios has also has not shown the rejection by the state trial court and the Court of Criminal Appeals of his ineffective-assistance-of-counsel claim—based on the record in his case—was unreasonable. Knowles, 556 U.S. at 123. Therefore, Quintero Rios has not met his burden of establishing his entitlement to federal habeas relief.

Quintero Rios now apparently agrees with this analysis. In his reply to Lumpkin's answer he states, "no argument will be made." Pet'r's Resp., ECF No. 17 at 16.

### (4) Lesser Included Offense Instruction

Quintero Rios contends his counsel provided ineffective assistance when they failed to ask for a jury instruction on the lesser included offense of criminally negligent homicide. Pet'r's Pet., ECF No. 4 at 7. He notes "[t]he jury was instructed as to the charge[d] offense of murder and a lesser included offense of manslaughter." Id.

"Under Texas law, there is a two-step test to determine whether a lesser included offense instruction should be given: first, the lesser included offense must be within the proof necessary to establish the offense charged; second, there must be some evidence in the record that if the defendant is guilty, he is guilty only of the lesser offense." Richards v. Quarterman, 566 F.3d 553, 568–69 (5th Cir. 2009); see also Johnson v. State, 623 S.W.2d 654, 657 (Tex. Crim. App. 1981).

The state trial court found "that no evidence was raised that would have warranted an instruction on criminally negligent homicide." State Writ R., ECF No. 12-40 at 4 (Trial Court Findings of Fact, WR-92,434-01).

Quintero Rios counsel explained they did not seek a lesser included offense instruction for negligent homicide because "[t]here was no evidence submitted at trial consistent with criminal negligence by Defendant in relation to the death of Decedent. The State's evidence tended to suggest that Defendant's actions caused the Decedent's death with intent or at best recklessness, if he was indeed at fault." Id. at 7.

Quintero Rios was found guilty by the jury of committing all the elements of a greater offense—murder—beyond a reasonable doubt. As such, he could not meet the two-step test in Texas for asking the trial court to give an instruction on a lesser included offense. Richards, 566 F.3d at 568–69.

The decision by counsel not to seek a lesser-included-offense instruction under these circumstances was reasonable and did not prejudice Quintero Rios' cause. Their assistance on this issue was constitutionally effective.

Quintero Rios has also has not shown the rejection by the state trial court and the Court of Criminal Appeals of his ineffective-assistance-of-counsel claim was unreasonable. Knowles, 556

U.S. at 123. Consequently, Quintero Rios has not met his burden of establishing his entitlement to federal habeas relief.

## EVIDENTIARY HEARING

A federal court's review of claims previously adjudicated on the merits by a state court "is limited to the record that was before the state court." Cullen, 563 U.S. at 181; Blue v. Thaler, 665 F.3d 647, 656 (5th Cir. 2011). A court may hold an evidentiary hearing only when the petitioner shows that (1) a claim relies on a new, retroactive rule of constitutional law that was previously unavailable, (2) a claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, or (3) the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable juror would have convicted the petitioner. 28 U.S.C. § 2254(e)(2).

Quintero Rios' petition asserts multiple claims already adjudicated on the merits in state court. He does not rely on a new rule of constitutional law or new evidence. He is not entitled to an evidentiary hearing.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability must be granted by a judge or circuit justice before a petitioner may appeal a final order in a habeas corpus proceeding. 28 U.S.C. § 2253(c)(1)(B). And it "may issue only if the petitioner has made a 'substantial showing of the denial of a constitutional right.' " Gonzalez v. Thaler, 565 U.S. 134, 137 (2012) (quoting 28 U.S.C. § 2253(c)(2)).

In cases where a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). In cases where a district court rejects a petitioner's claims solely on procedural grounds, the petitioner must show both "that jurists of reason would find it debatable whether the petition states

a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

Quintero Rios has not made a substantial showing of the denial of a constitutional right. Thus, he cannot show reasonable jurists could neither debate the denial of his § 2254 petition nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack, 529 U.S. at 484). He is not entitled to a certificate of appealability.

## CONCLUSIONS AND ORDERS

The Court concludes that Quintero Rios has not met his burden of showing that the state habeas court's judgment denying him relief was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. The Court further concludes that he has also not met his burden of showing that the state habeas court's decision was based on an unreasonable determination of the facts considering the evidence presented in the state court proceedings. The Court accordingly concludes that Quintero Rios is not entitled to federal habeas relief. The Court additionally concludes that Quintero Rios is not entitled to a certificate of appealability.   The Court, therefore, enters the following orders:

**IT IS ORDERED** that the Quintero Rios is **DENIED** an evidentiary hearing.

**IT IS FURTHER ORDERED** that Quintero Rios's pro se "Petition for a Writ of Habeas Corpus by a Person in State Custody" under 28 U.S.C. § 2254 (ECF No. 4) is **DENIED**.

**IT IS FURTHER ORDERED** that Quintero Rios is **DENIED** a certificate of appealability.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

SIGNED this 13th day of May, 2022.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

SIGNED this 13th day of May, 2022.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE